UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LELAND FOSTER, | ) |
| Plaintiff, | ) Case No. 1:25-cv-582 |
| v. | ) |
| | ) Judge |
| LFRC FT. WAYNE RE LLC, a Delaware limited liability company, | ) |
| And | ) |
| LFRC FT. WAYNE LLC, a Delaware limited liability company, | ) |
| Defendants. | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., who hereby files this Complaint against the named Defendants LFRC Ft. Wayne RE LLC, a Delaware limited liability company, and LFRC Ft. Wayne LLC, a Delaware limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendants' property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, **Leland Foster** ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant LFRC Ft. Wayne RE LLC owns the properties located at 6316 Stellhorn Rd., Fort Wayne, Indiana 46815, and 220 E. Rudisill Blvd., Fort Wayne, Indiana 46806, and 404 W. State Blvd., Fort Wayne, Indiana 46808 in Allen County, which are all restaurants known as Lee's Famous Recipe Chicken. Plaintiff has patronized Defendants' properties and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Defendant LFRC FT. Wayne LLC operates the businesses located at 6316 Stellhorn Rd., Fort Wayne, Indiana 46815, and 220 E. Rudisill Blvd., Fort Wayne, Indiana 46806, and 404 W. State Blvd., Fort Wayne, Indiana 46808 in Allen County, which are restaurants. Plaintiff has patronized Defendant's properties and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7. Plaintiff has patronized Defendants' three restaurants previously as places of public accommodation, and he has experienced the barriers to access complained of herein.

8. The restaurants owned or operated by the Defendants are non-compliant with the remedial provisions of the ADA. As the Defendants either own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, the Defendants are responsible for complying with the obligations of the ADA. Defendants' restaurants are places of public accommodation. Defendants' properties and businesses fail to comply with the ADA and its regulations, as also described further herein.

9. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also, as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Mr. Foster has traveled to the area to frequents the state parks, restaurants, shopping centers, businesses and establishments of Northern Indiana and surrounding area, including the Defendants' properties that form the subject of this complaint.

11. Mr. Foster visits Fort Wayne, Indiana specifically three to five times annually, sometimes more, for the past 10 years when he attends adaptive sporting events in the city and generally for a variety of reasons.  These include being a spectator at a two-day sled hockey tournament in Ft Wayne which he was himself a participant at this same tournament in past years.  Mr. Foster has over the course of many years purchased specialized adaptive cycling equipment in Ft Wayne from a custom local specialty retailer. When doing so, he has had many occasions to be a customer at Lee's Famous Chicken Restaurants where he especially loves their biscuits.

12. On February 27, 2023 and January 17, 2020, Plaintiff was a dine-in restaurant customer at the 6316 Stellhorn Rd. location. On August 5, 2025, Plaintiff was a dine-in restaurant customer at the 404 W. State Blvd. location.  On August 12, 2025, Plaintiff was a dine-in restaurant customer at the 220 Rudisill Blvd. location.

13. Plaintiff is a bonafide customer of Lee's Famous Recipe Chicken restaurants, and he plans to return to the properties to avail himself of the goods and services offered to the public at the properties.  The Plaintiff has encountered architectural barriers at the subject properties.  The barriers to access at the properties have endangered his safety and protected access to Defendants' places of public accommodation.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to these properties as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendants' places of business again on future occasions, not only to avail himself of the goods and services

available at the properties but to assure himself that these properties are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the restaurants without fear of discrimination.

15. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the properties, as prohibited by 42 U.S.C. § 12182 *et seq.*

16. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

17. A preliminary inspection of the three restaurants owned or operated by the Defendants has shown that many violations of the ADA exist at the subject properties. These violations include, but are not limited to:

**<u>6316 Stellhorn Rd.</u>**

**Parking and Accessible Routes:**

A. There are no designated van accessible parking spaces, in violation of the ADA and Sections 208.2.4 and 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

B. Designated accessible parking spaces entirely lack signage, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required, or at minimum, readily achievable.

C. Designated accessible parking spaces entirely lack access aisles, in violation of the ADA and Section 502.2 of the 2010 Standards and 1991 ADAAG Section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

D. The accessible route to the entrance has cracks and changes in level in excess of 1/4 inch, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.5.2, whose remedy is strictly required or, at minimum, readily achievable.

E. One ramp near the entrance has excess slope, insufficient width, and no edge protection, in violation of the ADA and section 405 of the 2010 Standards and 1991 ADAAG section 4.8 whose remedy is strictly required or, at minimum, readily achievable.

F. There is no accessible route to the entrance due to the presence of non-compliant ramps, in violation of the ADA and section 402.2 of the 2010 Standards and 1991 ADAAG section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

**Restrooms**

G. Signage on the restrooms lack the international symbol of accessibility and tactile Braille, is located in excess of required height, and not on the latch side of the door, in violation of the ADA and section 216.8 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

H. Restroom door hardware requires tight grasping or twisting to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

I. The men's and women's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and

1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

J.  The men's and women's restroom lavatory faucet controls require tight grasping or twisting to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

K.  The men's and women's restroom mirror is located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable.

L.  The men's and women's restroom toilet paper dispenser is not mounted as required, in violation of the ADA and section 604.7 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

M.  The men's and women's restroom rear grab bar around the water closet does not meet required length, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

N.  The men's and women's restroom side grab bar is not located 12 inches from the rear wall, in violation of the ADA and section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.17.6, whose remedy is strictly required or, at minimum, readily achievable.

O.  A waste receptacle impedes the required clear floor space to access the paper towel dispenser in the men's restroom, in violation of the ADA and section 305.3 of the 2010

Standards and 4.2.4.1 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

P. The women's restroom water closet flush control is not located on the open side of the unit, in violation of the ADA and Section 604.6 of the 2010 Standards and 1991 ADAAG Section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

**220 Rudisill Blvd.**

**Parking and Accessible Routes**

Q. The restaurant entrance has a threshold greater than ½ inch, in violation of the ADA and Section 404.2.5 of the 2010 standards and 1991 ADAAG Section 4.13.8 (3/4 inch), whose remedy is strictly required or, at minimum, readily achievable.

R. Designated accessible parking space access aisles do not meet required dimensions and do not lead to an accessible route, in violation of the ADA Section 502.2 of the 2010 Standards and 1991 ADAAG Section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

S. Designated accessible parking spaces entirely lack signage, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required, or at minimum, readily achievable.

T. There are no designated van accessible parking spaces, in violation of the ADA and Sections 208.2.4 and 502.6 of the 2010 Standards and 1991 ADAAG section A4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

U. Ramp near the entrance has excess slope, insufficient width, and no edge protection, in violation of the ADA and section 405 of the 2010 Standards and 1991 ADAAG section 4.8 whose remedy is strictly required or, at minimum, readily achievable.

    V. The route from accessible parking to the ramp lacks required width and contains cracks and changes in level at the bottom, in violation of the ADA and section 405 of the 2010 Standards and 1991 ADAAG section 4.8 whose remedy is strictly required or, at minimum, readily achievable.

**Restrooms**

    W. Signage on the men's and women's restrooms lack the international symbol of accessibility and tactile Braille, is located in excess of required height, and not on the latch side of the door, in violation of the ADA and section 216.8 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

    X. Men's and women's restroom door hardware requires tight grasping or twisting to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

    Y. The door to exit the men's restroom lacks required maneuvering clearance at the latch side, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG Section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

    Z. The coat hook on the men's restroom door is located in excess of allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

    AA.     The men's and women's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010

Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

BB. The men's and women's restroom mirror is located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable.

CC. The men's restroom soap dispenser is located above allowable obstructed reach range, in violation of the ADA and Section 308.3.2 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

DD. The men's restroom urinal is located above allowable height above the floor to the rim of the unit and does not have required clear floor space to approach, in violation of the ADA and section 605 of the 2010 Standards and 1991 ADAAG section 4.18, whose remedy is strictly required or, at minimum, readily achievable.

EE. The men's and women's restroom toilet paper dispenser is not mounted as required, in violation of the ADA and section 604.7 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

FF. The men's and women's restroom toilet rear grab bar around the water closet does not meet required length, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

GG. The men's and women's restroom toilet side grab bar does not extend 54 inches minimum from the rear wall, in violation of the ADA and section 604.5.1 of the 2010

Standards and 1991 ADAAG section 4.17.6, whose remedy is strictly required or, at minimum, readily achievable.

HH. A waste receptacle impedes the required clear floor space to access the paper towel dispenser in the men's restroom, in violation of the ADA and section 305.3 of the 2010 Standards and 4.2.4.1 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

II. The men's restroom water closet flush control is not located on the open side of the unit, in violation of the ADA and Section 604.6 of the 2010 Standards and 1991 ADAAG Section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

JJ. A partition impedes the required clear floor space around the men's restroom water closet, in violation of the ADA and Section 604.3.1 of the 2010 Standards and 1991 ADAAG Section 4.22.4, whose remedy is strictly required or, at minimum, readily achievable.

### **404 W. State Blvd.**

**Parking and Accessible Routes**

KK. The restaurant entrance on the accessible route from parking does not have a level landing area within the maneuvering clearance at the doorway, in violation of the ADA and Section 404.2.4.4 of the 2010 standards and 1991 ADAAG Section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

LL. The accessible route to the entrance has cracks and changes in level in excess of 1/4 inch, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.5.2, whose remedy is strictly required or, at minimum, readily achievable.

MM. Access aisles do not lead to an accessible route due to cracks and changes in level, in violation of the ADA and Section 502.2 of the 2010 Standards and 1991 ADAAG Section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

NN. There are no designated van accessible parking spaces, in violation of the ADA and Sections 208.2.4 and 502.6 of the 2010 Standards and 1991 ADAAG section A4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

OO. Designated accessible parking spaces entirely lack signage, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required, or at minimum, readily achievable.

PP. The accessible route to the restrooms lacks required width and is blocked by tables and chairs in the dining room, in violation of the ADA and Sections 403.5.1 of the 2010 Standards and 1991 ADAAG section 4.3.3, whose remedy is strictly required or, at minimum, readily achievable.

**Restrooms**

QQ. Signage on the restrooms is located in excess of required height and not on the latch side of the door, in violation of the ADA and section 216.8 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

RR. Restroom door hardware and its locking mechanism requires tight grasping or twisting to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

SS. The men's restroom soap dispenser is located above allowable obstructed reach range, in violation of the ADA and Section 308.3.2 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

TT. The men's restroom paper towel dispenser is located above allowable obstructed reach range, in violation of the ADA and Section 308.3.2 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

UU. The men's restroom mirror is located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable.

VV. The men's restroom pedestal lavatory does not provide required knee and toe clearance, in violation of the ADA and Section 606.2 of the 2010 Standards and 1991 ADAAG Section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

WW. The men's restroom lavatory impedes required clear floor space around the water closet, in violation of the ADA and Section 604.3.1 of the 2010 Standards and 1991 ADAAG Section 4.22.4, whose remedy is strictly required or, at minimum, readily achievable.

XX. The men's restroom rear grab bar around the water closet does not meet required length, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

YY. The men's restroom water closet is not located 16-18 inches from the side wall to iuts centerline, in violation of the ADA and Section 604.2 of the 2010 Standards and 1991 ADAAG Section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

ZZ. The coat hook on the men's restroom door is located in excess of allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

AAA. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable. A survey of the restroom is necessary.

**Policies and Procedures**

BBB. The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy whose remedy is strictly required or, at minimum, readily achievable.

CCC. The Defendants' inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

18. The discriminatory violations described in Paragraph 17 by the Defendants is not an exclusive list of the ADA violations believed to exist at the places of public accommodation. Plaintiff requires further inspection of the Defendants' places of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendants'

accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

19. Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20. The restaurants at issue, as owned and/or operated by the Defendants, LFRC Ft. Wayne RE LLC and LFRC Ft. Wayne LLC, constitute public accommodations and service establishments, and as such, must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

21. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the properties on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the restaurants accessible to and usable by persons with disabilities, including Plaintiff.

22. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove

the physical barriers, dangerous conditions, and ADA violations that exist at the facilities, including those set forth herein.

23. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to bring their place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its properties to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

24. Plaintiff restates the allegations of ¶¶1-23 as if fully rewritten here.

25. The Defendants, LFRC Ft. Wayne RE LLC and LFRC Ft. Wayne LLC, own or operate "places of public accommodation" pursuant to In. Code §22-9-1-3(m).

26. Defendants have committed unlawful acts pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. To wit, the restaurants lack safe and accessible parking spaces or accessible routes to enter the buildings and lack numerous compliant accessible restroom features for use by their disabled patrons.

27. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants

to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743) *
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
obdjr@owendunnlaw.com
*admitted to INND